# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
December 3, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DANA E. MOORE,**
**Claimant Below, Petitioner**

**vs.)    No. 13-1199**  (BOR Appeal No. 2048407)
(Claim No. 2012038930)

**ARCH COAL, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Dana E. Moore, by Robert L. Stulz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Arch Coal, Inc., by Robert J. Busse, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 6, 2013, in which the Board affirmed a May 10, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 10, 2012, decision denying Mr. Moore's request for a right shoulder surgery. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Moore worked as a coal miner for Arch Coal, Inc. On June 18, 2012, Mr. Moore suffered an injury to his right wrist and shoulder when he slipped and fell. The claim was held compensable for sprain of the shoulder/arm. Mr. Moore is requesting authorization for a right shoulder surgery. Prior to the work injury, William R. Post, M.D., treated Mr. Moore for bilateral shoulder pain and diagnosed him with subacromial bursitis, rotator cuff syndrome bilateral, mild

1

glenohumeral osteoarthritis of the left shoulder, bicipital tenosynovitis bilateral, and calcific tendonitis of the right shoulder supraspinatus. After Mr. Moore suffered the work injury, Dr. Post then diagnosed Mr. Moore with the same diagnoses as before the injury. The claims administrator denied Mr. Moore's request for surgery in reliance on the StreetSelect Grievance Board that determined the claim was compensable for an acute exacerbation and that the exacerbation had resolved.

The Office of Judges affirmed the claims administrator's decision and found the right shoulder surgery was necessitated by conditions in Mr. Moore's shoulder that predated his June 18, 2012, injury. The Board of Review affirmed the Order of the Office of Judges. On appeal, Mr. Moore disagrees and asserts that his need for surgery flows directly from the June 18, 2012, injury as is documented by his treating physician, Dr. Post. Mr. Moore further asserts that his old injury does not preclude him from being compensated for a new injury and that Dr. Post found the treatment for the pre-existing condition has been successful without surgery until the work-related injury. Arch Coal, Inc., maintains that the medical records predating the June 18, 2012, right shoulder injury clearly established that Mr. Moore has significant pre-existing right shoulder difficulties and had already been advised of his need for right shoulder surgery shortly before this injury.

The Office of Judges found it important to note that the medical evidence showed Mr. Moore has a long history of shoulder problems bilaterally. Mr. Moore was treated for bilateral shoulder pain and underwent cortisone injections in January of 2012, nearly five months prior to the work injury in this claim. X-rays obtained in February of 2012 showed calcific deposits in the rotator cuff and AC joint osteoarthritis bilaterally and degenerative changes consistent with tendinosis. As early as February of 2012, Mr. Moore's diagnoses were subacromial bursitis, rotator cuff syndrome bilateral, mild glenohumeral osteoarthritis of the left shoulder, bicipital tenosynovitis bilateral, and calcific tendonitis of the right shoulder supraspinatus. Also, in February of 2012 and again on May 14, 2012, Dr. Post stated that if Mr. Moore did not obtain relief from the injection therapy that an arthroscopy would be needed. The diagnoses from February of 2012 remained the same through April and May of 2012. The Office of Judges further pointed out that in July of 2012, which was after Mr. Moore's work injury, Dr. Post's diagnoses continued to remain the same and the x-rays continued to show calcific tendonitis of the right shoulder supraspinatus as was seen on the February of 2012 x-rays. Even though Dr. Post stated that Mr. Moore had been treated successfully without surgery before the injury occurred, the Office of Judges found that Dr. Post's notes prior to this work injury do not show this. In fact, Dr. Post's notes show that Mr. Moore's pre-existing conditions never really resolved and that surgery was being contemplated before this injury.

The Office of Judges also relied on the findings of the StreetSelect Grievance Board, which stated that the medical evidence established that Mr. Moore had a pre-claim history of bilateral shoulder problems with the same diagnoses and treatment recommendations. The Board determined that the claim was compensable for an acute exacerbation and that the exacerbation had resolved. The Office of Judges noted that there was a slight change in the diagnoses after the surgery, but there was no indication that these issues were related to the compensable injury. The

Office of Judges concluded that the surgery was not required as a result of the June 18, 2012, injury but was required due to pre-existing shoulder problems.

This Court agrees with the findings of the Office of Judges and the conclusions of the Board of Review. Mr. Moore had significant bilateral shoulder problems before his work injury. Dr. Post found that Mr. Moore had the same diagnoses before the work injury as he had after the work injury. The medical evidence shows that Mr. Moore's pre-existing condition had not resolved and that Dr. Post had mentioned this surgery might be needed for the pre-existing condition before this work injury. Therefore, this Court finds the request for a right shoulder surgery is for a pre-existing shoulder condition and not the work-related injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  December 3, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum

3